[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, ET AL.,

                Plaintiffs-Appellees,

      v.

EXECUTIVE OFFICE OF THE PRESIDENT, ET
AL.,

                Defendants-Appellees,

JOSE A. PEREZ,

                Movant-Appellant,

No. 26-5098

**FEDERAL DEFENDANTS' OPPOSITION TO
APPELLANT'S MOTION FOR SUMMARY REVERSAL AND CROSS-
MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, the

federal defendants hereby respond to movant-appellant Jose A. Perez's motion for

summary reversal and cross move for summary affirmance of the district court's

denial of Mr. Perez's motion to intervene.  As the district court correctly explained,

"neither intervention as a matter of right under Rule 24(a) nor permissive

intervention under Rule 24(b) [was] appropriate here." Dkt. 247 at 2. The court

correctly dismissed the motion, and this Court should summarily affirm and dismiss the appeal in all other respects. *See Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1329 (D.C. Cir. 2013) (affirming the denial of intervention and dismissing the appeal "because we conclude that the district court properly denied th[e] motion [to intervene], [and, appellant] a non-party, cannot appeal any other issue.")[1]

## STATEMENT

1. This appeal arises from a denial of a motion to intervene as defendant in several consolidated cases filed by pro se movant Jose A. Perez. The cases are challenges to the legality of Executive Order 14,248 "Preserving and Protecting the Integrity of American Elections." *See* Dkt. 247. That Order addresses several issues related to federal elections and explains that "[f]ree, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic." 90 Fed. Reg. 14005 at § 1 (Mar. 25, 2025). Among other things, the Order directs that the "Election Assistance Commission shall take appropriate action to require, in its national mail voter registration form . . . documentary proof of United States citizenship," *id.* at § 2(a); provides that "[t]he head of each Federal voter registration executive department . . . shall assess

---

[1] This Court should dismiss only Appeal No. 26-5098. Nothing in this motion seeks dismissal of any of the other consolidated appeals.

citizenship prior to providing a Federal voter registration form to enrollees of public assistance programs, *id.* at § 2(d); and directs that the "[t]he Secretary of Defense shall update the Federal Post Card Application, pursuant to the Uniformed and Overseas Citizens Absentee Voting Act [UOCAVA] . . . to require . . . documentary proof of United States citizenship," *id.* § 3(d).

2. In the consolidated cases, three groups of plaintiffs (two groups of nonpartisan entities and one group of organizations affiliated with the Democratic Party) filed suit seeking injunctive and declaratory relief against various executive officers and agencies to block implementation of the provisions of the Executive Order. The Republican National Committee successfully intervened as a defendant with respect to several claims. *See* Dkt. 135. Because the parties agreed that the challenge to Section 2(a) of the Executive Order could proceed to summary judgment without discovery, the district court considered that claim separate from the remaining claims. On October 31, 2025, the district court issued a partial summary judgment for the plaintiffs, holding that Section 2(a) was unlawful, and granted a permanent injunction. The court certified that ruling for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b), and the federal defendants and intervenor-defendants appealed. *See, e.g.*, *League of United Latin American Citizens v. EOP*, No. 25-5476 (D.C. Cir).

3

On January 31, 2026, the court again granted partial summary judgment for the plaintiffs on the claims challenging Sections 2(d) and 3(d) of the Executive Order and granted the defendants' motion to dismiss the challenges to Sections 4(a), 7(a), and 7(b) of the Executive Order for lack of ripeness. *See* Dkt. 235 at 3-4. The federal defendants have also appealed from this grant of summary judgment and this Court has consolidated this appeal (*League of United Latin American Citizens v. EOP*, No. 26-5099) with the appeal filed from the Rule 54(b) judgment.

3. On February 3, 2026, appellant Jose A. Perez, appearing pro se, moved to intervene as a matter of right as a defendant under Federal Rule of Civil Procedure 24(a)(1) to challenge the district court's first partial summary judgment ruling. He argued that the district court's "October 31, 2025 Order adversely affect[ed] [his] right to vote, to election security, and the Ninth Amendment rights protected and emphasized by, inter alia, the Preamble to the Constitution." Dkt. 237 at 3 (Mot. to Intervene).

4. On March 3, 2026, the district court denied this motion. The court explained that the motion was untimely since both the "federal defendants and the Republican National Committee, as Defendant-Intervenor, have filed notices of appeal." Dkt. 247 at 2. In addition, the court observed that Mr. Perez had not demonstrated entitlement to either permissive intervention or intervention as a matter of right because he "does not have a statutory right to intervene in this

matter," and his "asserted interests have been adequately represented in this case by the Federal Defendants and the Defendant-Intervenor, both of whom have mounted fulsome defenses of the relevant provisions of Executive Order No. 14,248." *Id.*

5. This appeal followed and Mr. Perez has now moved this Court to summarily reverse the district court's decision denying intervention.

## ARGUMENT

This Court should summarily affirm the district court's order denying Mr. Perez's motion to intervene and dismiss the remainder of the appeal numbered 26-5098, or at minimum, should deny the pending motion for summary reversal of that order. Summary disposition is appropriate where, as here, "the merits of the parties' positions are so clear that expedited action is justified," *Gray v. Poole*, 243 F.3d 572, 575 (D.C. Cir. 2001), and "no benefit will be gained from further briefing [or] argument of the issues presented," *Taxpayer Watchdog, Inc. v. Stanley*, 819 F.2d 294, 298 (D.C. Cir. 1987) (per curiam). The district court (Kollar-Kotelly, J.) correctly concluded that Mr. Perez had not established a right to intervene and did not abuse its discretion when it denied him permissive intervention.

A. Federal Rule of Civil Procedure 24 provides that a district court must allow a party to intervene who either 1) "is given an unconditional right to

intervene by a federal statute;" or 2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2).

This Court should summarily affirm the lower court's decision to deny intervention because the district court correctly concluded Mr. Perez did not satisfy the standard for intervention as of right. As an initial matter, Mr. Perez has demonstrated no statutory right to intervene. "Neither the Administrative Procedure Act nor the federal election statutes that [he] identifie[d] in his submissions establishes a right to third-party intervention in this action." Dkt. 247 at 2. He also does not satisfy the four factors a court analyzes when determining "whether a party may intervene as of right . . . 1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015). The district court correctly determined that Mr. Perez's motion was untimely and that his interests, to the extent they were legally protected at all, were adequately represented by both the federal and intervenor- defendants. *See* Dkt. 247 at 2.

The district court correctly concluded that Mr. Perez's intervention motion—which was filed more than three months after the district court's judgment on the merits of the Section 2(a) challenge was issued—was untimely. *See Acree v. Republic of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where the applicant had the opportunity to intervene prior to judgment."); *see also Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (explaining that there is a "presumption that post-judgment motions to intervene will be denied" particularly where "no reason is apparent from the record[] why [the movant] could not have sought intervention prior to judgment"). And the federal defendants and the intervenor-defendants filed notices of appeal of the judgment. *See Acree*, 370 F.3d at 50 ("In particular, courts often grant post-judgment motions to intervene where no existing party chooses to appeal the judgment of the trial court.").

Moreover, the district court correctly concluded that the federal defendants and intervenor-defendants had adequately represented Mr. Perez's interests. *See* Dkt. 247 at 2 ("both [sets of defendants] have mounted fulsome defenses of the relevant provisions of Executive Order No. 14,248"). Even if this Court were concerned that the "governmental entities do not adequately represent the interests" of Mr. Perez as a private party, *Fund for Animals, Inc. v. Norton*, 322

7

F.3d 728, 736 (D.C. Cir. 2003), the intervenor-defendant, the Republican National Committee, is a private party representing the interests of individual voters. This Court should affirm the denial of intervention as of right.

B. Although Mr. Perez did not seek permissive intervention, the district court correctly noted that the standard for such intervention had not been met. *See* Dkt. 247 at 2. Courts may, but are not required to, permit intervention where an individual 1) "is given a conditional right to intervene by a federal statute;" or, 2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). Mr. Perez has identified no such conditional right and has forfeited any attempt to identify one before this Court. *See Solomon v. Vilsack*, 763 F.3d 1, 13 (D.C. Cir. 2014) (argument that was not presented to the district court was forfeited).

**CONCLUSION**

For the foregoing reasons, the federal defendants-appellees request this

Court summarily affirm the district court's denial of intervention, and dismiss the

remainder of the appeal numbered 26-5098, or in the alternative, deny Mr. Perez's

motion for summary reversal.

Respectfully submitted,

Bradley A. Hinshelwood
*/s/ Laura E. Myron*
Laura E. Myron
(202) 514-4819
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530

MAY 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, I electronically filed the foregoing

motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and

that service will be accomplished by the appellate CM/ECF system

*/s/ Laura E. Myron*
Laura E. Myron

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of

Appellate Procedure 27(d)(2)(A) because it contains 1,671 words.  This motion

also complies with the typeface and type-style requirements of Federal Rules of

Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using

Word for Microsoft 365 in Times New Roman 14-point font, a proportionally

spaced typeface.

*/s/ Laura E. Myron*
Laura E. Myron